**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

DARYL CALDWELL JR.,

Petitioner,

v.

K. BALL, *et al.*,

Respondents.

Case No. 2:26-cv-01688-RFB-EJY

**ORDER**

*Pro se* Petitioner Daryl Caldwell, Jr., who is incarcerated in a federal correctional institute located in California, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF No. 1-1. Because this Court lacks personal jurisdiction, the Court transfers this case to the Central District of California and closes this case.

**I. Background**

Caldwell pled guilty in federal district court to conspiracy to deal in firearms without a license in violation of 18 U.S.C. § 371 and eight counts of illegal acquisition of a firearm in violation of 18 U.S.C. § 2, 922(a)(6), and 924(a)(2). See U.S. v. Caldwell, Case No. 2:24-cr-00025-APG-MDC. The district court imposed concurrent sentences of 30 months for each of the nine counts of conviction. Id. at ECF No. 82.

Caldwell alleges he is in custody at FCI Victorville in Adelanto, California. ECF No. 1-1 at 1. He contends that, although he has taken FSA and FSA-type classes, he has not received credit for them. Id. at 2. He claims that if he does not receive credit for his participation in those classes,

he can receive disciplinary actions for "not programming." Id. He maintains that he is not challenging his conviction and sentence; rather, he challenges how the Bureau of Prisons is carrying out his sentence. Id. at 4.

## II. Discussion

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. See Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases).

Federal courts are courts of limited jurisdiction. See Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). "Federal courts have authority to grant writs of habeas corpus 'within their respective jurisdictions.'" Malone v. Calderon, 165 F.3d 1234, 1237 (9th Cir. 1999) (quoting 28 U.S.C. § 2241); Gouveia v. Espinda, 926 F.3d 1102, 1108 (9th Cir. 2019). The law is well-established that jurisdiction over a federal habeas petition challenging present physical confinement exists only within the federal district where the petitioner is confined. See, e.g., Rumsfeld v. Padilla, 542 U.S. 426, 443–47 (2004). Because Caldwell is not in custody in this district, this Court lacks jurisdiction over Caldwell's habeas petition.

If a petitioner files a habeas petition with a district court that lacks jurisdiction, that court may transfer the petition to another district court with jurisdiction, "if it is in the interest of justice." 28 U.S.C. § 1631. Transfer, instead of dismissal, will be in the interest of justice "because dismissal of an action that could be brought elsewhere is 'time consuming and justice defeating.'" Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990). Because the petition could have been filed in the

Central District of California, the Court transfers this habeas action there in the interests of justice.

**III. Conclusion**

**IT IS HEREBY ORDERED** that Petitioner Daryl Caldwell, Jr.'s Petition for a Writ of Habeas Corpus under § 2241 (ECF No. 1-1) is **TRANSFERRED** to the United States District Court for the Central District of California.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **CLOSE THIS CASE**.

**DATED**: October 13, 2026

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**